```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

HOWARD COSBY,                    :
        Plaintiff,               :
                                 :
     v.                          :    Case No. 3:15-cv-161(RNC)
                                 :
SCOTT ERFE et al.,               :
        Defendants.              :
```

INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate, brings this action pro se and *in forma pauperis* under 42 U.S.C. § 1983 against Warden Scott Erfe and Deputy Warden Guiliana Mudano, in their individual and official capacities, alleging a violation of his rights under the First and Eighth Amendments.

Under 28 U.S.C. § 1915(e)(2), the court must review a prisoner's complaints against state officials and dismiss any part of the complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The complaint alleges the following. Plaintiff is a practicing Buddhist, which requires him to maintain a meatless vegetarian diet. While confined at Corrigan Correctional Institution, he was served meal trays containing red meat and fish. On September 12, 2013, he met with the defendants. Although they told him that fish would be removed from his food trays, this was not done. On the few occasions when he received a food tray that did not contain meat or fish, the food had been tampered with. One time a human bite had been taken from his

grilled cheese sandwich. Another time, a sandwich was completely burned and a full piece of wax paper was in the sandwich.

The plaintiff claims that the failure to provide him with food trays in conformity with his religious practice violates his rights under the First and Eighth Amendment. All claims will proceed at this time.

**ORDERS**

(1) The **Clerk shall** verify the current work addresses of defendants Erfe and Mudano with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at that address within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendants Erfe and Mudano in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT

06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

   (3)   The **Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

   (4)   The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

   (5)   The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

   (6)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

   (7)   All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

   (8)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or

the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

So ordered this 10th day of February 2015.

/s/
Robert N. Chatigny
United States District Judge